a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MOSE TYRONE GILKEY,<br>Petitioner | CIVIL DOCKET NO. 1:19-CV-1420-P |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by *pro se* Petitioner Mose Tyrone Gilkey ("Gilkey") (#12575-076). Gilkey is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Gilkey challenges his conviction under 28 U.S.C. § 922(g).

Because Gilkey cannot meet the requirements of the savings clause of § 2255, the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

I.  Background

Gilkey was convicted of multiple counts of possession of a firearm by a convicted felon; possession of a firearm with an obliterated/altered/removed serial number; and use and possession of a forged/counterfeited/altered seal of a United States Department or Agency. Gilkey v. United States, 2:12-CR-20079, 2015 WL 6458219, at *1 (W.D. Tenn. Oct. 26, 2015). Gilkey's appeal was dismissed for want of prosecution. (Docket No. 13-6633, 6th Cir.; Doc. 10).

Gilkey filed a motion to vacate under 28 U.S.C. § 2255, which was denied. Id.

II. <u>Law and Analysis</u>

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. See <u>Reyes–Requena v. U.S.</u>, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See <u>Cox v. Warden, Federal Detention Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir. 1980)). Claims cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See <u>Pack</u>, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. See <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979).

To fall under the savings clause of § 2255, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

Gilkey argues that he may proceed under the savings clause because Rehaif v. United States, 139 S. Ct. 2191 (2019) announced a new rule of law that applies retroactively. However, in Rehaif, the Supreme Court merely clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)—which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years—the government must prove that the defendant knew he violated each of the material elements of § 922(g). Rehaif, 139 S. Ct. at 2195-96. Thus, Rehaif did not announce a new rule of constitutional law. Rather, Rehaif addressed an interpretation of statutory law. United States v. May, 3:16-CR-127, 2019 WL 6310195, at *2 (S.D. Ohio Nov. 25, 2019), report and recommendation adopted, 2019 WL 6893546 (S.D. Ohio Dec. 18, 2019) ("Certainly Rehaif embodies a new rule of criminal procedure, but it is not a constitutional rule, but rather a rule of statutory interpretation."); United States v. Class, 930 F.3d 460, 469 (D.C. Cir. 2019) (stating that Rehaif resolved a matter of statutory construction); Littlejohn v. United States, 2019 WL 6208549, at *2 (W.D. N.C. 2019) ("Rehaif did not announce a new rule of

constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2)").

Moreover, Rehaif does not apply retroactively to cases on collateral review. See In re: Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019); Moore v. United States, 2019 WL 4394755, at *1 (W.D. Tenn. 2019); Nixon v. United States, 2019 WL 6498088, at *3 (N.D. Tex. 2019) (Rehaif did not announce a new rule made retroactive; it merely interpreted § 922(g)).

Finally, even if Rehaif had announced a new rule, Gilkey does not allege that he was unaware of his status as a convicted felon. See United States v. Shobe, 2019 WL 3029111, at *2 (N.D. Okla. 2019) (Rehaif had "no effect on the validity of defendant's conviction under § 922(g), because there is no dispute that he knew he was a prohibited person who could not lawfully possess a firearm").

## III. Conclusion

Because Gilkey cannot meet the requirements of the savings clause of § 2255(e), the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Gilkey's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

4

Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  6th  day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE